IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TERESA LARGE, as surviving wife and on behalf of the decedent, NICK LARGE )<br>)<br>v. )<br>)<br>DR. DAVID BLAZER ) | Case No. 3:20-cv-1012<br>Chief Judge Crenshaw<br>Magistrate Judge Holmes |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's motion for a qualified protective order. (Docket No. 15.) Upon the Court's instruction, following a discovery conference, *see* Order at Docket No. 21, the parties submitted supplemental briefs. (Docket Nos. 23, 26, and 27.) For the reasons discussed below, Defendant's motion (Docket No. 15) is GRANTED, subject to modifications by the Court to the requested protective order as discussed below.[1] A qualified protective order is entered separately.

### A.     Background

Familiarity with this case is presumed and the underlying facts and procedural history are recited here only as necessary to explain or provide context to the Court's ruling.[2] This healthcare liability action, over which the Court has diversity jurisdiction, arises out of the care and treatment of Nick Large in March of 2020. Plaintiff alleges that Defendant negligently performed a cardiac catheterization and provided negligent follow-up care for Mr. Large, which ultimately resulted in his death. By the instant motion, Defendant requests a qualified protective order, pursuant to the

---

[1] Plaintiff's supplemental brief (Docket No. 26) was mistakenly filed as a supplemental motion. The Clerk is therefore directed to terminate that filing as a pending motion.

[2] The facts and procedural history are taken from the record in this case and, unless otherwise noted, are generally undisputed.

Health Insurance Portability and Accountability Act ("HIPAA") regulations and Tenn. Code Ann. § 29-26-121(f) to conduct interviews with Mr. Large's healthcare provider relating to his medical care in March 2020 outside the presence of Plaintiff or Plaintiff's attorneys.

Plaintiff opposes the motion and requests that any interviews either occur in the presence of Plaintiff's counsel or are each recorded in their entirety with a copy of the recording provided to Plaintiff's counsel. Plaintiff further requests that any protective order more conspicuously inform the healthcare providers that they are not required to speak with Defendant's counsel outside a deposition. Plaintiff contends these measures make any discoverable information within the knowledge of healthcare providers mutually available to both sides.

### B. Legal Standards and Analysis

Defendant's request for a protective order is governed by Rule 26 of the Federal Rules of Civil Procedure.[3] This Court has broad discretion in determining the proper scope of discovery generally, *Lewis v. ABC Business Serv., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998) (citing *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984), *appeal after remand*, 823 F.2d 959 (6th Cir. 1985), *cert. denied*, 484 U.S. 1042 (1988)) and, as to protective orders specifically, "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).[4]

Rule 26(b) provides that, unless limited by court order:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the

---

[3] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

[4] To the extent the parties disagree over whether the provisions of HIPAA or those of Tenn. Code Ann. § 29-26-121(f) control, the Court finds it unnecessary to resolve that issue, because, for purposes of this dispute, the outcome is the same under either statute.

2

> court may order discovery of any matter relevant to the subject matter involved in
> the action. Relevant information need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Because the crux of this case is the medical care that Nick Large received in March 2020, information about that care is undisputedly relevant and discoverable. *Mikko v. Smock*, 2012 WL 8963809, at *2 (E.D. Mich. Sept. 19, 2012) (collection of cases). Further, Mr. Large's treating healthcare providers are clearly fact witnesses. *In re Aredia® and Zometa® Products Liability Litigation*, 2008 WL 8576167, at *1 (M.D. Tenn. Aug. 16, 2012). Generally, absent privilege or ethical considerations limiting contact with represented persons, counsel may interview voluntary fact witnesses ex parte. *Summers v Rockwell Intern. Corp., Inc.*, 1993 WL 1480622, at *3 (S.D. Ohio, Apr. 9, 1993) (internal citations omitted). Nothing in the discovery rules restricts "contact with witnesses to formal mechanisms such as sworn depositions." *Weiss v. Astellas Pharma, US, Inc.*, 2008 WL 2137782, at *4 (E.D. Ky. July 23, 2007) (internal citations omitted). Numerous courts have held that a defendant is entitled to conduct ex parte interviews with a plaintiff's treating healthcare providers. *Id.* (collection of cases).

There is no physician-patient testimonial privilege under either Tennessee law or federal law that precludes the relief requested by Defendants here.[5] *Alsip v. Johnson City Medical Center*,

---

[5] Because this is a diversity case, the Court must first consider the extent to which Tennessee law recognizes and protects the confidentiality of the physician-patient relationship. "The duty to ascertain state law on the matter of privileges is established by Rule 501 of the Federal Rules of Evidence," *Weiss,* 2007 WL 2137782 at *2, which states in relevant part that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501. The Sixth Circuit has repeatedly held that "[t]here is no federal physician-patient privilege." *Boddie v. Cranston*, 181 F.3d 99, 199 WL 313770, at *1 (6th Cir. 1999) (unpublished table opinion); *accord United States v. Perryman*, 14 F.App'x 328, 329 (6th Cir. 2001) and *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992).

197 S.W.3d 722, 725 (Tenn. 2006). Until the enactment of Tenn. Code Ann. § 29-26-121(f) in July of 2012, Tennessee recognized an "implied covenant of confidentiality," *id*. at 725-27, which prohibited ex parte contact between a plaintiff's non-party physicians and defense attorneys. *Aredia*, 2008 WL 8576167, at *2.[6] This statute specifically authorized defendants to communicate with plaintiffs' physicians outside of plaintiffs' presence in healthcare liability litigation. The Tennessee Supreme Court recently upheld the constitutionality of Tenn. Code Ann. § 29-26-121(f) generally as narrowing the right of confidentiality in patient information. *Willeford v. Klepper*, 597 S.W.3d 454, 462, 468-69 (Tenn. 2020). The *Willeford* court, however, expressly elided the mandatory language of the statute "to make it permissive only, in order to retain the core discretionary functions of trial courts in discovery." *Id*. at 471. Under the elided version of Tenn. Code Ann. § 29-26-121(f), the defendant in a healthcare liability action may, within the discretion of the trial court, conduct ex parte interviews of the plaintiff's healthcare providers, subject to a qualified protective order consistent with HIPAA. *Id*.

Plaintiff appears to insist that neither Tenn. Code Ann. § 29-26-121(f) nor the Tennessee Supreme Court in *Willeford* altered the implied covenant of confidentiality. The Court disagrees.

---

[6] The parties also disagree as to whether Tenn. Code Ann. § 29-26-121(f) is procedural or substantive in nature. Under the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). As recognized by the Tennessee Supreme Court, the statute has both substantive and procedural characteristics. *Willeford*, 597 S.W.2d at 467-68 (noting that statute is not purely procedural and that creation – or vitiation – of privilege is substantive law). The viability of a covenant of confidentiality is a matter of Tennessee substantive law. Nevertheless, given the broad discretion afforded to federal courts in procedural discovery matters, including propriety of protective orders, the Court finds no impediment in looking to Tenn. Code Ann. § 29-26-121(f), as well has HIPAA, for guidance in determining the appropriate degree of qualified protection in this case. Further, Tenn. Code Ann. § 29-26-121(f)(2), while partly a procedural framework, also defines the parameters of the exception to the covenant of confidentiality in healthcare liability actions, and in that respect is arguably substantive.

The Tennessee Supreme Court specifically discussed the authority of the Tennessee legislature to vitiate the covenant of confidentiality if dictated by public policy and recognized that, by enacting Tenn. Code Ann. § 29-26-121(f), which expressly allowed ex parte communications in the context of healthcare liability actions, "the legislature changed the overriding public policy concern in this area." *Id*. at 469. Because this is a healthcare liability action within the scope of Tenn. Code Ann. § 29-26-121(f), there is no longer a covenant of confidentiality that precludes communication by Defendant with Mr. Large's treating healthcare providers. Nevertheless, this Court retains its discretionary authority over discovery, including the propriety of the requested qualified protective order.[7]

Because the requested ex parte interviews are not otherwise prohibited, the Court concludes that Defendant's motion is well-taken. Upon consideration of the conditions requested by Plaintiff, the Court finds no basis to impose these restrictions. Specifically, Plaintiff requests that (1) Plaintiff's counsel be permitted to attend the interviews unless the interviews are recorded in their entirety with a copy provided to Plaintiff's counsel and (2) the notice of the healthcare providers' voluntary participation in the interviews be in all capital letters in bold type.

Other than orders entered in healthcare liability actions in state court, which have no compulsory effect here, Plaintiff offers no supporting authority for her argument that her counsel should be permitted to attend the healthcare provider interviews. For all the reasons discussed above, the Court finds, based on the circumstances presented, that this requested restriction on Defendant's communications with fact witness healthcare providers is not warranted under Rule 26 or any other controlling authority. *See e.g. Foster v. Hafner*, 2020 WL 1845099, at *2

---

[7] The Supreme Court also expressly held that the power of trial courts "to determine what is admissible at trial" is unaffected by the elided Tenn. Code Ann. § 29-26-121(f). *Id.*

(E.D. Tenn. Apr. 10, 2020) (allowing plaintiff's attorney to attend defense counsel's interview defeats the purpose of the qualified protective order). The Court further finds the notice language that the interviews are voluntary is generally sufficient.[8] It is not necessary that the language be in bold type or in all capital letters.

The Court does, however, find that certain of the protective order language proposed by Defendant is not warranted. Specifically, the description of "protected health information," while in compliance with HIPAA, is too broad. There is no indication in the record that Mr. Large's mental condition is at issue in this case and there is therefore no basis for Defendant to inquire about any such information. Nor may Defendant inquire about payment for care provided to Mr. Large in the context of ex parte interviews of treating healthcare providers. To be clear, medical expenses are discoverable by Defendant through other discovery means. However, absent some additional showing by Defendant – other than boilerplate language under HIPAA – the Court does not find this to be an appropriate topic for ex parte interviews of treating healthcare providers.

### C. Conclusion

For these reasons, Defendant's motion (Docket No. 15) is GRANTED, subject to modifications by the Court as discussed above. A qualified protective order is entered separately.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[8] The Court made some modification to the notice language and placement in the qualified protective order entered separately.