IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **TERESA LARGE, as surviving wife and on behalf of the decedent, NICK LARGE** ) ) ) | |
| v. ) ) ) | Case No. 3:20-cv-1012<br>Chief Judge Crenshaw<br>Magistrate Judge Holmes |
| **DR. DAVID BLAZER** ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion to compel discovery from a nonparty, State Volunteer Mutual Insurance Company ("SVMIC") (Docket No. 44) ) and SVMIC's response in opposition. (Docket No. 52.) The same issues are addressed in the parties' joint discovery dispute statement. (Docket Nos. 43 and 46.) For the reasons discussed below, Plaintiff's motion (Docket No. 44) is denied and Defendant's request for a protective order is granted.

### I.   Background

Familiarity with this case is presumed and the underlying facts and procedural history are recited here only as necessary to explain or provide context to the Court's ruling.[1] This healthcare liability action, over which the Court has diversity jurisdiction, arises out of the care and treatment of Nick Large in March of 2020. Plaintiff alleges that Defendant negligently performed a cardiac catheterization and provided negligent follow-up care for Mr. Large, which ultimately resulted in his death.

By the instant motion to compel, Plaintiff seeks to enforce a subpoena issued to non-party, SVMIC, which is Defendant's professional liability insurance carrier. On November 5, 2021, shortly after being served with Defendant's disclosures of retained experts, Plaintiff served the

---

[1] The facts and procedural history are taken from the record in this case and, unless otherwise noted, are generally undisputed.

subpoena requesting: (i) an authenticated copy of a document already produced by SVMIC and (ii) documentation regarding whether Defendant, Defendant's retained experts, and two additional physicians who were treatment providers for Nick Large, and who were identified in Rule 26(a) initial disclosures by Defendant, are "(a) insured with SVMIC and (b) whether they have received a dividend from SVMIC and/or are so eligible." (Docket No. 44 at 2.) SVMIC agreed to provide an authenticated copy of the subject document and appears to have provided that copy on December 10, 2021. (Docket No. 52 at 2.) SVMIC objects to the additional request based on the lack of any temporal limitation and the vagueness and breadth of the request, and because the request implicates private and privileged information. (*Id*. at 2-6.)

For the reasons discussed below, the Court finds the motion to compel is without merit and is therefore denied. Further, the Court finds good cause for a protective order under Rule 26(c).

## II. Legal Standards

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. It permits parties to a lawsuit to command a non-party to, among other things, produce documents. Fed. R. Civ. P. 45(a)(1). A court is required to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. Fed. R. Civ. P. 45, Advisory Committee Notes (1970) ("The scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); s*ee also Hendricks v Total Quality Logistics, LLC,* 275 F.R.D. 251, 253 (S.D. Ohio May 6, 2011). The party seeking to quash a subpoena bears the burden of proof. *Id*. The Federal Rules of Civil

2

Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A trial court has broad discretion to determine the proper scope of discovery. *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016). Although a party should not be denied access to information necessary to prove their contentions, neither should they be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Id*. (internal citation omitted). "A court must balance the "right to discovery with the need to prevent fishing expeditions." *Id*. at 236-37 (internal quotation marks and citation omitted).

The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (internal quotations and citations omitted). *See also Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) ("The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested.") When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. *O'Malley v. NaphCare Inc.*, 311 F.R.D. at 463.

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts within the Sixth Circuit have interpreted Rule 26(c) to permit a party to seek a protective order to preclude discovery demanded by a third-party subpoena. *Schweinfurth v. Motorola, Inc.*, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) (citations omitted). Some courts have referred to the availability of Rule 26(c) as "standing to challenge third-party

subpoenas via a motion for protective order." *Id*. at *3.[2] "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F.App'x. 498, 500 (6th Cir. 2001) (internal citations omitted). However, a showing of irrelevancy of proposed discovery can satisfy the good cause requirement of Rule 26(c). *Anwar v. Dow Chemical Company*, 876 F.3d 841, 854 (citing *Smith v. Dowson,* 158 F.R.D. 138, 140 (D.Minn.1994)). Ultimately, whether to grant a protective order is within the discretion of the trial court. *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992).

### III. Analysis

Plaintiff seeks information from SVMIC about Defendant, four experts retained by Defendant – Drs. Crenshaw, Stankewicz, Bresee, and Souther – and two physicians who were treating providers of the decedent – Drs. Alsoub and Goodman. Plaintiff's theory is essentially that, if the six other physicians are also insured by SVMIC, as is Defendant, that information goes to their potential bias because of their insured relationship, described by Plaintiff as one of co-ownership with Defendant, and the possibility of dividends based on SVMIC's financial performance, which may be impacted by the outcome of this lawsuit. *See* Docket No. 42 at 8-9.

However, rather than deposing any of the physicians to determine if they are, in fact, insured by SVMIC and, if so, whether they have received dividends or even understand the dividend structure, Plaintiff instead elected to subpoena the information from SVMIC, who is not a party to this litigation. Plaintiff did so without knowledge of whether any of the other physicians are insured by SVMIC and based solely on the supposition that if they are SVMIC insureds, they

---

[2] Although no separate motion for a protective order was filed, Defendant requested that relief in the joint discovery dispute statement. (Docket No. 42 at 5.) As provided for in the initial case management order, the filing of a discovery motion is within the discretion of the Court. Here, the Court finds that the parties' positions are aptly described in the joint discovery dispute statement and the filing of a separate motion for protective order is unnecessary.

4

will receive some dividend that may be impacted in some unknown and undescribed way by the outcome of the case against Defendant.

This is a classic fishing expedition. While it is correct that some discovery from experts to evaluate their bias may be permitted, Plaintiff does not contend that she is lacking in the kind of information about the retained experts from which bias is ordinarily evaluated, such as their hourly rate in this case or their previous testimony as defense experts generally or on behalf of Defendant specifically.[3] *See e.g. Campos v. MTD Products, Inc.*, No. 2:07-00029, 2009 WL 920337, at *4 (M.D. Tenn. Apr. 1, 2009) (routine disclosure of an expert's gross compensation from all sources, including those unrelated to the litigation is overkill and permitted only upon showing that other information is insufficient to evaluate bias). Nor has Plaintiff presented any facts supporting her theory of bias or lack of objectivity in this case. Rather, Plaintiff has simply thrown out a line in hopes that she can reel in information to fill her bias creel. She does not assert, for instance, that the other physicians are insured by SVMIC or that even if insured by SVMIC and potential recipients of dividends, those experts have a direct financial connection to this case that would be relevant to proving bias toward or against a particular party. Plaintiff merely supposes that the SVMIC dividends are structured in such a way that an outcome favorable to Plaintiff would impact dividends paid to other locally insured physicians, including the experts, if insured by SVMIC, in

---

[3] Although the specific expert disclosures were not filed as part of the record, it is the Court's understanding from the informal discovery conference that detailed information about the experts was produced in accordance with Rule 26(a)(2)(B). Further, and more importantly, Plaintiff had knowledge of the two treating physicians, presumably based on her own information, and, if not, through Defendant's initial disclosures that were made in or around February of 2021. If Plaintiff believed there was some direct relationship between the physicians and Defendant through SVMIC or otherwise that demonstrates bias, she could have deposed those treating physicians at any earlier time. She could also have deposed the physicians designated as experts to elicit their testimony about the insured status with SVMIC and their knowledge of any dividend structure before issuance of the subject subpoena.

an amount that would influence them to testify favorably to Defendant. This is a purely speculative and tenuous supposition based on general, public statements made by SVMIC.

The Court finds persuasive the careful analysis in *Langbord v. U.S. Dept. of Treasury* on the question of discovery about an expert's indirect relationship to the litigation. Civil Action No. 06-CV-05315, 2008 WL 4748174 (E.D. Penn. Oct. 22, 2008). As noted in *Langbord*,

> even if certain information is relevant to show potential bias, "the simple fact that requested information is discoverable ... does not mean that discovery must be had." *Nicholas v. Wyndham Intern., Inc.,* 373 F.3d 537, 543 (4th Cir.2004). Under Rule 26(b)(2)(C), a court must limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." In fact, in its comments to the 2000 amendments to Rule 26, the Rules Advisory Committee stated, "The Committee has been told repeatedly that courts have not implemented [the Rule 26(b) (2)] limitations with the vigor that was contemplated ... [the new language] has been added to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery." Advisory Committee's Note to the 2000 Amendments to the Federal Rules of Civil Procedure. The Supreme Court has also highlighted the importance of Rule 26(b)(2), emphasizing that the rule gives courts "broad discretion to tailor discovery narrowly." *Crawford-El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). In the foregoing analysis, we exercise that discretion by applying the balancing test of Rule 26(b)(2)(C)(iii) to the benefits and burdens presented by the proposed discovery.

*Id.* at *5. Here, as in *Langbord*, Plaintiff's theory that the experts may be biased because an outcome in favor of Plaintiff in this litigation could potentially affect some dividend they might receive from an insurance company with which they may not even be insured is nothing more than unsubstantiated speculation. The fact that the information requested relates to individuals who are not parties to this matter and the fact that the request is based on purely speculative grounds "points against a finding that the discovery is highly necessary or important for uncovering bias in this matter." *Id.* at *6.[4]

---

[4] Further, even if the physicians are insured with SVMIC and even if they do receive some dividend, a finding of need for and importance of the proposed discovery to show bias, supposes

6

In contrast, the burden to SVMIC is substantial. It would require disclosure of confidential and proprietary information about SVMIC's business and financial structure and, potentially (that is, to the extent any of the expert physicians are insured with SVMIC), disclosure of customers' confidential and personal financial information. Permitting Plaintiff to access SVMIC's and its customers' confidential and sensitive proprietary and financial information unrelated to this action based on solely unsupported speculation is unwarranted.

"Although a plaintiff should not be denied access to information necessary to support her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad or oppressive." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing *Marshall v Westinghouse Elec. Corp.*, 574 F.2d 588, 592 (5th Cir. 1978)) (internal quotations omitted). The significant burden on SVMIC's proprietary and confidential business and customer information unrelated to this litigation or to the physicians' role as expert witnesses weighs heavily against allowing the requested discovery under Rule 26(b)(2)(C)(iii). Because the discovery request places a significant burden on SVMIC and because the requested information is not sufficiently important or necessary to outweigh that burden, Rule 26(b)(2)(C)(iii) bars Plaintiff's request to compel the discovery and warrants a protective order under Rule 26(c).

---

that the expert physicians possess an understanding of the intricacies of their insurance dividend structure with enough detail to influence their opinions, which is yet another factual leap the Court is unwilling make.

7

Case 3:20-cv-01012   Document 54   Filed 01/10/22   Page 7 of 8 PageID #: 342

## IV. Conclusion

For these reasons, Plaintiff's motion to compel (Docket No. 44) is denied. Further, Defendant's request for a protective order is granted and the requested documents need not be produced.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge